UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01722-RM-MJW

**BLAKE BROWN, et al.,**

    Plaintiffs,

v.

**U. S. DEPARTMENT OF LABOR, et al.,**

    Defendants.

---

**MOTION FOR ATTORNEY'S FEES AND COSTS**

---

Plaintiffs, by and through their attorneys move for an award of attorney's fees and costs and as grounds therefore state as follows:

**STANDARD FOR AWARD OF ATTORNEY'S FEES AND COSTS UNDER FOIA**

1. The FOIA provides that government agencies "shall make available to the public" certain information upon a proper request. 5 U.S.C. § 552(a)(1).

2. Under the FOIA, the court may assess "reasonable attorney's fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed. *Id.* § 552(a)(4)(E)(i).

3. A prevailing party must demonstrate both eligibility and entitlement for an award of attorney's fees and costs.

4. To be "eligible" for an award of attorney's fees and costs, the plaintiff must have "substantially prevailed" in the underlying FOIA litigation. *Id.* A party substantially prevails if he "has obtained relief through either ... a judicial order, or ... a voluntary or unilateral change in position by the agency, if the complainant's claim is not

insubstantial." *Id.* § 552(a)(4)(E)(ii). Here, plaintiffs are eligible for an award of attorney fees and costs because they have both a judicial order and a unilateral change in position by the Agency. An agency cannot foreclose an award of attorneys' fees and costs by complying with a FOIA request during the pendency of litigation. *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C.Cir.1977).

5. "Assessment of attorney's fees in an FOIA case is discretionary with the district court." *Anderson v. HHS,* 80 F.3d 1500, 1504 (10th Cir. 1996). In the exercise of its discretion the Court should consider four factors or criteria as guidelines: (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) the reasonableness of the agency's withholding the requested documents. *Aviation Data Service v. FAA,* 687 F.2d 1319, 1321 (10th Cir. 1982).

6. The clear weight of the four factors favor a finding that Plaintiffs are entitled to an award of attorney fees and costs.

**(1) the public benefit derived from the case**

7. Under the first criterion a court would ordinarily award fees where, as in this case, the plaintiffs were seeking information to be used to further the public interests in Government transparency so that they can check on the methods used by OWCP for a random and neutral selection of referee physicians which is vital to the integrity of the FECA administration by OWCP.

8. Disclosure will contribute to an informed citizenry. The requested records will show OWCP operations and activities in performing its statutory duty to select referee physicians pursuant to 5 U.S.C. 8123(a). The release of the referee physicians' names

2

and address will contribute significantly to the public's understanding of the Defendant's operations and activities in selecting referee physicians in a fair and impartial manner, avoiding bias in the selection and ensuring that public money is not spent furthering favoritism. OWCP spends millions of taxpayer dollars on referee exams. **PX 23:3.**

9. The Employee Compensation Appeal Board has long held that the selection of referees using all qualified specialists to eliminate any possible appearance of bias is vital to the integrity of the OWCP program. The OWCP Procedural Manual requires a strict rotational selection of referee physicians. See Plaintiffs' Proposed Findings of Fact (PPFF) pp. 4 - 5 (DOC 137). The unrebutted evidence shows that OWCP is not selecting referees using a strict rotational system. See generally PPFF pp. 8-12. Three physicians did more than one-half of all Dist. 12 referee exams from 12/4/199 to 9/7/10. Dr. Sabin did 173 of 328 orthopedic evaluations in Colorado. Four doctors did 185 of 209 orthopedic evaluations in Colorado from 2005 – 2011. PPFF 8- 10. OWCP speculates that this is because physicians will not perform evaluations for OWCP. However, OWCP offers no evidence to support this contention.

10. Plaintiffs' Counsel is a member of the Worker's Injury Litigation Group (WILG), Federal Employment Compensation Act section. Plaintiffs' Counsel disseminated the Decision and Judgment to the Section membership. Plaintiffs' Counsel will present the Decision at the October 30, 2018 WILG convention. At trial Counsel represented that information would be provided to congressional representatives for oversight action.

**(2) the commercial benefit to the complainant**

11. Under the second criterion a court would usually allow recovery of fees where, as in this case, the plaintiff's and their attorney have no commercial interest in the FOIA documents they sought.

**(3) the nature of the complainant's interest in the records sought**

12. Under the third criterion a court would generally award fees if the plaintiffs' interest in the information sought was scholarly or journalistic or public-interest oriented but would not do so if his interest was of a frivolous or purely commercial nature.

13. Plaintiffs' FOIA case is not frivolous or commercial. It is strictly public-interest oriented to ensure and improve a system of neutrality in selection of the final arbiters of workers' compensation cases. Plaintiffs derive no personal benefit from the Judgment.

14. The FOIA requests were made to determine whether defendant is equitably and randomly choosing referee physicians. The requested records will provide valuable and necessary information to allow the public to ensure that the selection of referees is transparent and that public funds are properly administered to avoid fraud waste and abuse. Cmplt. paras. 6, 28, 118 – 121, 144 (DOC 01).

15. Plaintiffs would not have been able to pay for the costs of bringing this action which furthers the public interest without court-awarded attorney's fees.

**(4) reasonableness of the agency's withholding the requested documents**

16. Finally, under the fourth criterion a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester.

4

17.     There must be a showing that the "government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant or otherwise engaged in obdurate behavior." *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1366 (D.C.Cir.1979). "Recalcitrant and obdurate behavior 'can make the last factor dispositive without consideration of any of the other factors.'" *Read v. FAA,* 252 F. Supp. 2d 1108, at 1112 (W.D. Wash. 2003) (quoting *Horsehead Indus. v. EPA,* 999 F. Supp. 59 (D.D.C. 1998) at 68).

18.     Here, the government withheld records without a legal basis to protect itself from making the selection process transparent. OWCP dropped its Exemption 6 privacy claim shortly before trial without explanation. OWCP claimed Exemption 4 for physician names that were not even supplied by Elsevier. OWCP never even checked for this information. Its argument to the contrary was "hogwash" like "lipstick on a pig". Findings of Fact and Conclusions of Law pp. 55-56 (DOC 160). OWCP was in possession of zip codes suppressed by Elsevier. Findings p. 34, fn. 13 (DOC 160). Elsevier concedes that the requested information was virtually useless and does not have commercial value. Elsevier admitted that there was minimal commercial risk in releasing the names of 95 doctors. Elsevier did not object to release of the names. Findings pp. 26-27, paras. 28, 29, 30. 31, 32 (DOC 160).

## REASONABLE ATTORNEY FEES AND COSTS

19.     Reasonable attorney's fees from January 14, 2013 through September 11, 2018 are $322,471.25 plus costs in the amount of $4,131.77 for a total of $326,603.02.

20.     Submitted herewith are itemized billing statements. **Attach. 1.**

5

JSE 26.05 @ $250.00, 244.8 @ $300.00, 277.61 @ $350.00, 129.5 @ $400.00 per hour = $228,916.00.

KHL 295.27 @ $225.00, 42.35 @ $275.00 = $78,082.00.

CL 4.4 @ $175.00 = $770.00.

CM 2.65 @ $175.00 = $463.75.

JW/JC 1.3 @ $90.00, 80.7 @ $175.00 per hour = $14,239.50.

21.     The Timekeepers initials are listed before the description of services. The name and customary billing rate for the professionals that worked on this case are: "JSE" for Attorney John S. Evangelisti @ $250.00 to $400.00 per hour, "KHL" for Attorney Karen Larsen @ $275.00 per hour, "CL" for Attorney Chris Lopez @ $175.00 per hour, "CM" for Attorney Cynthia Mabry @ $175.00 per hour and "JW"/"JC" for Paralegal Jodi Currie @ $175.00 per hour.

22.     The professional qualifications of the Timekeepers are set forth in the attached Affidavits, to wit:

Affidavit of John S. Evangelisti describing my professional experience in employment litigation as well as my usual and customary hourly charges and a list of cases handled and comparable cases where similar rates were accepted. **Attach. 2.**

Affidavit of Karen Larson describing her professional experience in employment litigation as well as her usual and customary hourly charges and a list of cases handled and comparable cases where similar rates were accepted.   **Attach. 3.**

Affidavit of Christopher Lopez describing his professional experience, his usual and customary hourly rate, and comparable cases where similar rates were accepted. In 2003, Attorney Lopez was awarded the rate of $175.00 per hour in *Olison v. Dept. of*

6

*VA* and *Sainz v. Department of Treasury.* In 2009, Attorney Lopez was awarded the rate of $225.00 per hour in *Utt v. U.S.P.S.* In 2012, Attorney Lopez was awarded $200.00 per hour, in *Zeng v. USPS.* In 2011, Attorney Lopez was awarded $225.00 an hour in *Ladd v. Chemonics International*, 2009-LDA-0588 (8/16/11). In 2013, Attorney Lopez was awarded $225.00 an hour in *Trahan v. US Dept. of Justice*, EEOC No. 540-2011-00143X. In 2018, Attorney Lopez was awarded $250.00 an hour in *Hudson v. L3 Communications*, 2017-LDA-00065. **Attach. 4.**

Affidavit of Cynthia Mabry describing her professional experience, her usual and customary hourly rate, and comparable cases where similar rates were accepted. Attorney Mabry was awarded $225.00 per hour in Espinoza v. ITT Corp., Case No. 02-170895. **Attach. 5.**

Resume of Jodi Currie, Paralegal. Ms. Currie's usual and customary hourly charge is $175.00. **Attach. 6.** Ms. Currie was awarded $175.00 an hour in *Ladd v. Chemonics International*, 2009-LDA-0588 (8/16/11).

23. The Colorado Bar Association, "2012 Economic Survey Snapshot" surveyed law firm billing rates for 2011. **Attach. 7.** At the 95th percentile in 2011 the hourly rate for attorneys: with 43 years' experience was $423.00 an hour, with 25+ years' experience was $423.00 an hour, in Downtown Denver was $447.00 an hour, in civil litigation was $406.00 an hour, and for paralegals with 10+ years' experience was $197.00 an hour.

24. Submitted herewith are Affidavits of Attorneys Rhodes, Shakeshaft, Chernushin and Nelson regarding the reasonableness of the billing rates. **Attach. 8, 9, 10 and 11.**

25. Costs in the amount of $4,131.77 as follows:

| | |
|---|---|
| Filing Fees | $ 74.00 |
| West Law Research | 25.00 |

7

| | |
|---|---:|
| Tammy Hoffschildt | 219.00 |
| Filing Fees | 505.00 |
| Photocopying | 216.13 |
| Parking | 27.00 |
| Travel Expenses | 868.07 |
| Deposition Services | 1,798.85 |
| ABMS Directory | 32.86 |
| Jumpp Logistics | 9.38 |
| Copying Charges | 214.00 |
| Copying Charges | 108.48 |
| Parking | 10.00 |
| Parking | 12.00 |
| Parking | 12.00 |
| **Total** | **$4,131.77** |

**Attach. 13.**

WHEREFORE, Claimants' Petition for Attorney's Fees and Costs in the amount of $326,603.02 should be granted.

I verify that the foregoing is true and correct.

Respectfully Submitted

*/s/ John S. Evangelisti*

John S. Evangelisti
Attorney for Complainant
1120 Lincoln St., Ste. 711
Denver, CO 80203
(303) 832-8226

## CERTIFICATE OF MAILING

I hereby certify that on this 12th day of September 2018, a true and correct copy of the foregoing Petition for Attorney's Fees and Costs was served upon the following email, to the following:

Timothy Jafek at timothy.jafek@usdoj.gov
Jasand Mock at jasand.mock@usdoj.gov

*/s/ Jodi Currie*

Jodi Currie